### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MARYLAND
### BALTIMORE DIVISION

**IN THE MATTER OF:**

      **JENNIFER BETH HAZARD**               **CH. 13 CASE NO. 13-23771 NVA**

      **DEBTOR**
_____

      **MARYLAND DEPARTMENT OF**
      **LABOR, LICENSING & REGULATION,**

                        **Plaintiff,**

          **versus**                      **ADV. PROC. NO. 13-712 NVA**

      **JENNIFER BETH HAZARD**

                        **Defendant,**
_____

### <u>MOTION FOR APPROVED SETTLEMENT</u>

The Maryland Department of Labor, Licensing and Regulation ("DLLR"), Plaintiff, by its undersigned counsel, and Defendant, have agreed as follows:

1.      The above captioned adversary proceeding was opened to determine the dischargeability of a debt owed by Defendant.

2.      Plaintiff claimed four thousand three hundred thirty one dollars ($4,331.00) in principal, four hundred fifty dollars ($450.00) in pre-judgment interest and two hundred ninety three dollars ($293.00) for the total amount of five thousand seventy four dollars ($5,074.00) on its complaint filed on November 21 2013.

3.      On and after January 10, 2014, both parties' discussed many times and reached a final settlement.

4.      The final settlement total of four thousand three hundred thirty one dollars

($4,331.00) in principal, zero dollars ($0.00) in pre-judgment interest and two hundred ninety three dollars ($293.00) for the total amount of four thousand six hundred twenty four dollars ($4,624.00) is deemed non-dischargeable under Section 523 of the United States Code.

5.    After the present Chapter 13 Case is either discharged, dismissed or otherwise terminated, Defendant must contact Plaintiff to negotiate payment terms for the nondischarged amount and liability of four thousand six hundred twenty four dollars ($4,624.00).

6.    If Plaintiff were to enter into an agreement presently, based on her current income, the monthly payments would be one hundred dollars ($100.00) a month until four thousand six hundred twenty four dollars ($4,624.00) is satisfied; If Defendant makes one hundred dollars ($100.00) every single month from when monthly payment begins, then no post judgment interest until four thousand six hundred twenty four dollars ($4,624.00) is satisfied; Plaintiff must retain the right to federal and state tax intercepts until four thousand six hundred twenty four dollars ($4,624.00) is satisfied.

**WHEREFORE,** Maryland Department of Labor, Licensing and Regulation ("DLLR"), Plaintiff prays:

1.    Plaintiff's claim of four thousand three hundred thirty one dollars ($4,331.00) in principal, zero dollars ($0.00) in pre-judgment interest and two hundred ninety three dollars ($293.00) for the total amount of four thousand six hundred twenty four dollars ($4,624.00), nondischargeable;

2.    After the present Chapter 13 Case is discharged, dismissed or otherwise terminated, Defendant must contact Plaintiff to negotiate payment terms for the nondischarged amount and liability of four thousand six hundred twenty four dollars ($4,624.00); Otherwise, money judgment will be executed. If Plaintiff were to enter into

2

an agreement presently, based on her current income, the monthly payments would be one hundred dollars ($100.00) a month until four thousand six hundred twenty four dollars ($4,624.00) is satisfied; If Defendant makes one hundred dollars ($100.00) every single month from when monthly payment begins, then no post judgment interest until four thousand six hundred twenty four dollars ($4,624.00) is satisfied; Plaintiff must retain the right to federal and state tax intercepts until four thousand six hundred twenty four dollars ($4,624.00) is satisfied.

3.      And be granted such other and further relief as this Court deems necessary or appropriate.

I HEREBY CERTIFY that the terms of the copy of the consent motion/order or settlement motion/order submitted to the Court are identical to those set forth in the original consent or settlement motion/order; and the signatures represented by /s/ on this copy reference the signatures of the consenting parties on the original consent or settlement motion/order.


Dated: <u>January 29, 2014</u>

                                                   */s/ Roopesh Vijayan*
                                                   Roopesh Vijayan Bar #28473
                                                   Maryland Department of Labor, Licensing and Regulation
                                                   Litigation and Prosecution Unit
                                                   1100 N. Eutaw Street
                                                   Room 401
                                                   Baltimore, Maryland 21201
                                                   Ph. (410) 767-2800
                                                   Fx. (410) 333-5059
                                                   rvijayan@dllr.state.md.us
                                                   *Counsel for Plaintiff*

                                                   */s/ Michael J. Cerri*
                                                   Michael J. Cerri
                                                   11709 Reisterstown Road
                                                   Reisterstown, MD 21136
                                                   *Attorney for the Defendant/Debtor*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this Notice, Motion for Approved Settlement & Proposed Order has been sent to the U.S. Trustee, Defendant electronically and/or by first class mail, postage prepaid on January 29, 2014.

Michael J. Cerri
11709 Reisterstown Road
Reisterstown, MD 21136
*Debtor's Attorney*

Mark Neal
Assistant U.S. Trustee
Office of the U.S. Trustee
RM 2650
101 W. Lombard Street
Baltimore, MD 21201

/s/ Roop Vijayan
Roop Vijayan #28473